UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WILLIAM EUGENE FIELDS,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>PIERCE COUNTY OF THE STATE OF WASHINGTON, | CASE NO. 3:22-cv-05643-RAJ-BAT<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff, William Eugene Fields, a pretrial detainee at the Pierce County Corrections and Detention Center (Pierce County Jail), seeks 42 U.S.C. § 1983 relief against one named Defendant, Pierce County. Dkt. 5.

Plaintiff was granted leave to proceed *in forma pauperis* (IFP) and a complaint filed by a person proceeding IFP is subject to mandatory and *sua sponte* review and dismissal if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001). Section 1915(e)(2) mandates the court reviewing an IFP complaint rule on its own motion to dismiss before the complaint is served under Federal Rule of Civil Procedure 4(c)(2). "The language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6)." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir.

REPORT AND RECOMMENDATION - 1

1998). The statute "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

The Court reviewed the complaint, found it deficient, and issued an order on September 6, 2022, Dkt. 6, directing Plaintiff to file an amended complaint by **September 20, 2022**. The Court also informed Plaintiff it would recommend dismissal if no amended complaint or a deficient complaint were filed. The Court has thus far received no response from Plaintiff.

The present complaint alleges Defendant violated Plaintiff's right of access to the Courts when Pierce County Jail staff, on August 23, 2022 declined to sign a certificate on a "legal" declaration to proceed IFP in a habeas matter. Plaintiff alleges he sent two kites and was told the Jail does not offer the services Plaintiff requested. Plaintiff sent two more kites and was informed the Jail would not sign the requested forms. Plaintiff claims the Jail's actions could hinder or delay his quest for habeas relief and release from custody. *See* Dkt. 5.

The Court takes judicial notice of its own records which show Plaintiff has filed three 28 U.S.C. § 2254 petitions for writ of habeas corpus. The first, filed on August 15, 2022, included a complete IFP application including an attached "Inmate Balance History Statement" and a Pierce County Jail corrections certification. *See Fields v. Pierce County of the State of Washington*, 22-5593-BJR-JRC. This habeas petition challenges Plaintiff's convictions for possession of a stolen motor vehicle and attempting to elude in Pierce County case number 15-1-02200-0. Dkt. 1 at 1. Plaintiff was convicted of these crimes in June 2015 and sentenced in February 2016 to a term of 57 months. *Id.* As relief, Plaintiff seeks dismissal of his pending 2022 Pierce County criminal charges filed in cases numbers 22-1-00888-3 and 22-1-00739-9 and money damages. *Id.* at 15. Plaintiff was ordered to show cause why he could not pay the $5.00 filing fee given the Inmate

REPORT AND RECOMMENDATION - 2

Balance Summary indicated Plaintiff had the funds to pay the fee.

On August 29, 2022, Plaintiff filed a second § 2254 habeas petition challenging his convictions for unlawful possession of a controlled substance in Pierce County case numbers 12-1-03266-3, 12-1-01778-8, and 12-1-01723-1. *See Fields v. Pierce County Jail*, 22-5638-TSZ-SKV. The habeas petition avers the state courts vacated these convictions in July 2021. Dkt. 1 at 3. Plaintiff also submitted an IFP application with an "Inmate Balance History Report" that was generated by the Jail on August 22, 2022 and an IFP application that Petitioner signed on August 22, 2022 stating he "was denied at all levels of staff to fill out this portion of the petition stating they do not offer the service that I'm requesting." Dkt. 1. As relief, Plaintiff requests the Court dismiss pending 2022 Pierce County criminal charges filed in cases numbers 22-1-00888-3 and 22-1-00739-9 and be awarded money damages. *Id.* at 15.

Plaintiff filed a third § 2254 habeas petition on August 29, 2022 challenging a conviction for unlawful possession of a controlled substance in Pierce County case number 13-1-04916-5. *Fields v. Pierce County Corrections and Detention Center,* 22-5639-JCC. This petition avers the drug possession conviction was vacated by the state courts in July 2021. *See* Dkt. 1, Petition at 3. As relief, Plaintiff requests the Court dismiss the 2022 pending Pierce County criminal charges filed in cases numbers 22-1-00888-3 and 22-1-00739-9 and be awarded money damages. *Id.* at 15. Like the second habeas petition, Plaintiff submitted an IFP application with an "Inmate Balance History Report" generated by the Jail on August 22, 2022 and an IFP application Petitioner signed on August 22, 2022 that he "was denied at all levels of staff to fill out this portion of the petition stating they do not offer the service that I'm requesting." Dkt. 1.

The present civil rights complaint alleges the Pierce County Jail's actions violate Plaintiff's rights to access the courts and could hinder or delay his quest for habeas relief and

REPORT AND RECOMMENDATION - 3

release from custody. To succeed on a denial of access to courts claim, Plaintiff must show not only denial of access, but also injury resulting from the denial of access . *Lewis v. Casey*, 518 U.S. 343, 351 (1996).

On September 6, 2022, the Court directed Plaintiff to file an amended complaint showing how or why Plaintiff has or will suffer harm due to delays in processing his IFP applications for the three habeas petitions he has filed. The Court directed Plaintiff to file an amended complaint because the complaint does not implicate the first habeas petition as the Jail in that matter provided the certification regarding IFP status. Hence the complaint's claim the jail has not provided a certification for IFP is inapplicable to the first habeas petition.

The second and third habeas challenge convictions for possessory drug convictions which Plaintiff avers in both habeas petitions were vacated in 2021. A federal habeas petition provides post-conviction relief for convictions that have **not** been vacated, not convictions that are already vacated. Any delay in processing Plaintiff's IFP applications for these two habeas petitions thus cannot lead to any harm.

Further, Plaintiff is currently detained in the Pierce County Jail on new criminal charges filed this year, 2022. Plaintiff filed his three habeas petitions seeking dismissal of his current and pending criminal charges. But as noted above, § 2254 federal habeas petitions provide a remedy for post-conviction relief, not a remedy to dismiss current and pending state criminal charges.

Plaintiff's civil rights lawsuit is accordingly unfounded and should be DISMISSED with prejudice. This Report and Recommendation is not an appealable order. Therefore a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

REPORT AND RECOMMENDATION - 4

1   Objections, if any, may be filed no later than **October 7, 2022.** The Clerk shall note the
2   matter for **October 7, 2002**, as ready for the District Judge's consideration. The failure to timely
3   object may affect the right to appeal.

4   DATED this 23rd day of September, 2022.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5